GULASH v. JERRY DAVIDSON BUICK, INC.

INSURANCE—AUTOMOBILE DEALERS—CUSTOMER RENTAL COVERAGE.
  Insurance endorsement by defendant insurer extending insured
    defendant automobile dealer's liability coverage to include
    any automobile owned by the insured and rented to a cus-
    tomer while the customer's automobile is in the custody of the
    insured for service or repair *held*, not to enlarge defendant in-
    surer's liability to include protection for the dealer's cus-
    tomer, but only to protect the dealer, in action arising from
    collision by plaintiff customer with another automobile while
    driving defendant dealer's loaned automobile and in which
    customer and her liability insurer sought to enforce liability
    insurance coverage from defendant insurer of defendant dealer
    (CLS 1961, § 257.401).

Appeal from Genesee; Papp (Elza H.), J.   Sub-
mitted Division 2 October 2, 1967, at Lansing.
(Docket No. 2,900.)   Decided March 26, 1968.

Complaint for declaratory judgment by Hannah
Gulash and United Security Insurance Company,
a foreign corporation, against Jerry Davidson
Buick, Inc., Universal Underwriters Insurance Com-
pany, and Aetna Casualty & Surety Company, Mich-
igan corporations, and Serina Sirna and Anthony R.
Sirna for declaration of the rights and obligations
of United and Universal insurance companies.
Judgment for plaintiffs. Defendants appeal. Re-
versed.

*David S. Magee*, for plaintiffs.

*Douglas I. Buck*, for defendants.

REFERENCE FOR POINTS IN HEADNOTE
  7 Am Jur 2d, Automobile Insurance § 96.

LEVIN, J.   The question presented is whether an endorsement, extending an automobile dealer's bodily injury and property damage liability insurance to include an automobile owned by the dealer while in use by a customer whose own automobile is being serviced by the dealer, protects only the dealer (as claimed by defendants) or both the dealer and the customer (as claimed by plaintiffs and as found by the trial court).

Plaintiffs Hannah Gulash and her automobile liability insurer, United Security Insurance Company, commenced this action against defendants Jerry Davidson Buick, Inc., and its liability insurer, Universal Underwriters Insurance Company, and Serina Sirna and Anthony R. Sirna and Aetna Casualty & Surety Company, subrogee of Anthony Sirna, seeking a declaration of rights concerning the obligations of United and Universal.

On June 25, 1962, Mrs. Gulash left her automobile with Davidson Buick for service and repair.   Davidson Buick provided Mrs. Gulash with a 1959 Buick automobile for her use while her car was being serviced.   While operating the 1959 Buick Mrs. Gulash collided with a car being driven by Serina Sirna, wife of Anthony Sirna, following which the Sirnas commenced an action against Mrs. Gulash and others.   In that action Aetna joined as one of the plaintiffs to assert its rights as subrogee of Anthony Sirna with respect to the damage done to Sirna's automobile.

The question before us turns on the construction of the language of the insurance policies issued by United and Universal.   United's policy insuring Mrs. Gulash in regard to her own automobile also covers her while she is driving an automobile owned by another, subject to the following proviso:

"provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."

United claims that the insurance provided by Universal to Davidson Buick is insurance protecting Mrs. Gulash, with the result that United's policy would become applicable only to the extent that the amount of any judgment obtained against Mrs. Gulash exceeds the limits established in the Universal insurance issued to Davidson Buick.

Universal responds that the policy issued to Davidson Buick does not protect Mrs. Gulash. When issued, the policy contained a Garage Liability Special Provision Form which contained a number of separate endorsements, only 2 of which concern this litigation: (1) the endorsement amending the definition of insured (hereafter the "insured endorsement") and (2) the endorsement extending customer rental coverage (hereafter sometimes the "customer rental endorsement").

The insured endorsement changed the definition of "insured" as set forth in the main body of the Universal policy so that those insured are limited to the named insured and any partner, employee, director or stockholder and other designated, similarly related, persons.[1]

The customer rental endorsement modifies an exclusion in the main body of the policy excluding from the coverage "any automobile while rented to

[1] Contrast the definition of "insured" set forth in the main body of the policy as it read prior to its modification by the insured endorsement: prior to modification by the insured endorsement, the main body of the policy defined "insured" as the named insured and any partner, employee, director, or stockholder thereof (subject to certain limitations) *and* any person while using an automobile covered by the policy with the permission of the named insured (subject to certain limitations).

others by the named insured", with exceptions not pertinent here.

The presented controversy revolves about the customer rental endorsement, which reads:

"*Endorsement Extending Customer Rental Coverage.* Such insurance as is afforded by the policy for Bodily Injury Liability and for Property Damage Liability applies with respect to any automobile owned by the named insured and rented to a customer of the named insured but only while such customer's automobile is temporarily left in the custody of the named insured for service or repair."

United asserts that the customer rental endorsement extends the coverage of the insurance provided by the Universal policy (which in all other respects protects only the named insured and the designated, related persons) to protect the customer while using the dealer's automobile, with the result that the insurance provided by the Universal policy is valid insurance collectible by Mrs. Gulash as well as Davidson Buick, and with the consequence that United's insurance provides only excess coverage over and above the limits provided in the Universal policy.

The trial judge concluded that the customer rental endorsement provided insurance coverage for Mrs. Gulash while operating an automobile owned by Davidson Buick while her automobile was temporarily left with Davidson Buick for service and that there was sufficient consideration flowing from Mrs. Gulash to Davidson Buick to constitute a "rental" of the automobile.

On appeal Universal asserts that Mrs. Gulash was not an insured under the policy and that the customer rental endorsement did not broaden the coverage of the Universal policy to provide liability coverage for Mrs. Gulash.

In our opinion the customer rental endorsement does not enlarge the definition of "insured" as modified by the insured endorsement. As we read the policy, the purpose of the customer rental endorsement is to protect the named insured under the policy from its statutory liability as the owner of the "loaned" automobile.[2] If providing a "loaner" automobile to a customer whose car is being serviced is regarded as a rental—a not implausible construction and one which the trial judge in this case placed upon the transaction—then by reason of the exclusion in the main body of the policy of "any automobile while rented to others by the named insured", and but for the customer rental endorsement, Davidson Buick, as the named insured, would not be protected from its statutory liability in a common situation arising in the ordinary course of an automobile dealer and service business.

We add that the language of the policy, as modified by the insured endorsement and the customer rental endorsement, does not literally purport to insure persons other than the named insured and persons occupying the relatively close relationship designated in the definition of "insured" as so amended.

Although the result for which we write seems clear enough for the reasons already stated, we also note that the customer rental endorsement begins with the words: *"Such* insurance as is afforded by the policy." In this context, "such" is a word of limitation and means whatever insurance is afforded by the Universal policy. The only insurance afforded by the Universal policy after its amendment by the insured endorsement is protection of the named insured, Davidson Buick, and the persons

---

[2] CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101).

occupying the designated relationship to the named insured.

The exclusion in the main body of the Universal policy as to "any automobile while rented to others by the named insured" eliminates the insurer's exposure in regard to car leasing generally. Reading the policy as a whole, the customer rental endorsement serves a dual purpose. It retains the basic limitation on the insurer's exposure, so that the insurer is not covering the dealer as to car leasing operations generally—car leasing being a business separate and apart from and not necessarily conducted by one operating an automobile dealer and service business—and extends the coverage to include a phase of the ordinary and customary business of an automobile dealer.

There is no apparent purpose to provide protection for the customer and, the policy not literally providing such protection, there is no reason to read such protection into the policy.

Reversed and remanded for the entry of judgment declaring that the insurance provided by Universal to Davidson Buick is not insurance collectible by Mrs. Gulash or her liability insurer. Costs to appellant.

McGregor, P. J., and Quinn, J., concurred.