WILLIAM AUPPERLE & SONS, INC., Plaintiff-Appellee, *v.* AMERICAN NATIONAL BANK & TRUST COMPANY OF CHICAGO *et al.*, Defendants-Appellants.

(No. 74-139; )

Third District—May 20, 1975.

*Rehearing denied June 24, 1975.*

Bruce R. Becker, of Peoria, for appellants.

Mathis, Sloan & Littler, of Peoria and Wanless Professional Corp., of Morton (Paul J. Johnston, of counsel), for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Aupperle, subcontractor for the Royal Oaks Apartment building project in Peoria, Illinois, brought this action to foreclose a mechanics' lien for an unpaid balance of $33,485.54 alleged to be due for labor and materials furnished for the project under a written agreement with Clyde Construction Co., general contractor (hereafter called "Clyde"), and also under a subsequent oral agreement with defendant Daniel Comm (developer, architect and agent for the owners) for additional work. Defendant's motion to dismiss the cause on the grounds of lien waivers was allowed, and then vacated on subsequent motion of plaintiff. Affidavits supporting these motions indicated a dispute of fact as to whether the lien waivers were fraudulently procured. Defendants thereafter filed an answer to the complaint denying the oral contract, alleging the lien waivers attached as exhibits as an affirmative defense, and asserting a counterclaim for damages in the amount of $50,000 resulting from allegedly defective work performed by plaintiff. Plaintiff's reply to the affirmative defense did not deny the execution and delivery of the lien waivers and abandoned any issue as to fraud, but pleaded in avoidance only that the waivers were intended to be partial for amounts paid and not a release as to the unpaid balance. The cause thereafter proceeded to trial before the court, which entered a decree of foreclosure for plaintiff for the full amount of the claim and denied defendants' counterclaim. Defendants thereupon perfected this appeal.

The original subcontract between plaintiff and the general contractor was executed on a standard AIA form dated July 17, 1969, for the amount of $32,000 with final completion date of November 1, 1969. Plaintiff was required to do certain concrete work for the construction of a complex of four apartment buildings with swimming pool, and the general contractor was to make monthly progress payments upon plaintiffs' application accompanied by waiver of mechanics' lien claim. The complaint alleged that, subsequent to the execution of the subcontract with Clyde, plaintiff made an oral contract with Comm for additional work; that plaintiff completed performance of both agreements; that, after credits, an unpaid balance of $33,485.54 became due on November 1, 1970, and remains unpaid; and that plaintiff has a right of lien foreclosure for this amount plus interest from November 1, 1970. The decree allowed interest at 6 percent.

Defendants contend on appeal that the decree of foreclosure and the order for plaintiff on the counterclaim are against the manifest weight of the evidence, and, as alternative grounds for reversal, assign additional errors. At the trial, evidence concerning the disputed oral contract authorizing additional work was introduced, and the court apparently

found that a valid agreement did exist. However, we do not reach the question of the validity of that alleged agreement on this appeal.

■■ The first question is whether the lien waivers were a bar to the right of foreclosure. Plaintiff contends that this court cannot consider that question because defendants did not appeal from the order vacating the dismissal order. The ruling on dismissal was not a final appealable order, and did not decide the validity and effect of the lien waivers, but left to the trial court the determination of whether the waivers were a bar after hearing the cause on the merits. *Chicago Housing Authority v. Abrams*, 409 Ill.2d 226, 99 N.E.2d 129 (1951).

■■ Plaintiff also argues that the lien waivers are not an issue here because defendants introduced no evidence at trial in support of their affirmative defense, and thus are raising the issue for the first time on appeal. We disagree. The lien waivers were attached to defendants' pleadings as an exhibit, and plaintiff did not deny their execution or delivery. Under section 36 of the Civil Practice Act (Ill. Rev. Stat. ch. 110, par. 36), a written instrument attached to a pleading as an exhibit constitutes part of the pleading for all purposes and need not be introduced in evidence. (*Atlee Electric Co. v. Johnson Construction Co.*, 14 Ill.App.3d 716, 303 N.E.2d 192 (1st Dist. 1973).) Since plaintiff did not deny execution of the waivers, that allegation was admitted. (Ill. Rev. Stat. 1973, ch. 110, par. 35(2).) Defendants' pleadings thus established a prima facie defense, and plaintiff had the burden of proving his plea in avoidance that the waivers were intended to be partial and not full and complete. See *J. & R. Electric Co. v. Edward P. Allison Co.*, 125 Ill.App.2d 123, 260 N.E.2d 755 (5th Dist. 1970); *Hudson v. Mandabach*, 22 Ill.App.2d 296, 160 N.E.2d 715 (1st Dist. 1959).

The first five waivers recite on their face that all lien rights against the Royal Oak Apartments "on account of labor or materials, or both, furnished or *which may be furnished*" by plaintiff are waived (Emphasis added.) The last lien waiver, dated June 15, 1970, recited that plaintiff released "any and all claims which we have or may have for labor or materials * * * including any and all claims we have or *that may after accrue to us* under and by virtue of the laws of Illinois relating to mechanics' lien or otherwise; and we hereby certify that there are no outstanding bills for labor or material under *our contract* on said building." (Emphasis added.) Plaintiff offered no evidence in support of his allegations, and the only testimony concerning the lien waivers was plaintiff's statement, during cross-examination on rebuttal, that he gave a lien waiver and that it was "partial." This was, at most, a statement of plaintiff's conclusion and was contrary to the language of the documents themselves.

In *Burgoyne v. Pyle*, 261 Ill.App. 356 (1st Dist. 1931), the court held that if the waiver is ambiguous, the doubt should be resolved against the waiver, since it should be presumed, in the absence of clear evidence to the contrary, that one has not disabled himself from the use of so valuable a privilege as enforcement of his mechanics' lien. There the waiver of lien recited "labor and heating material to date" and the court held that the waiver was partial. However, in the case before us, the language of the waivers is clear and unambiguous.

Courts have often been called upon to consider the efficacy of a waiver as a bar to a foreclosure of mechanics' lien. In *H. G. Wolff Co. v. Gwynne*, 246 Ill. App. 86, 91 (1st Dist. 1927), the court noted, "where the waiver pertains only to one of several forms of remedy, and in no way modifies or extinguishes the actual obligation, a release or waiver of lien under seal is a bar to proceedings under the lien statute" even where consideration is lacking. A general or full waiver which was given "on account of labor or materials, or both, furnished or which may be furnished," was held to prevent enforcement of a lien for the unpaid balance. Similar language in a lien waiver was held to be a complete defense to lien foreclosure in *Hyde Park Investment Co. v. Hyde Park State Bank*, 257 Ill.App. 539 (1st Dist. 1930). See also *Decatur Lumber & Manufacturing Co. v. Crail*, 350 Ill. 319, 183 N.E. 228 (1932); *G. Chicoine Contractors, Inc. v. John Marshall Building Corp.*, 77 Ill.App.2d 437, 222 N.E.2d 712 (2d Dist. 1966).

We therefore hold that the lien waivers here are a complete defense to the plaintiff's right of lien to the extent the lien arises out of contracts in existence at the date the final waiver was given. It is not necessary that we determine whether the alleged oral agreement between plaintiff and Comm for additional work was valid since that agreement was claimed to have originated before October 7, 1969, in any event. Furthermore we are not precluding plaintiff from pursuing other remedies to enforce his claim. See *H. G. Wolff Co. v. Gwynne*.

However, a new contract entered into after the final waiver which was dated June 15, 1970, would not be barred. In evidence is a copy of plaintiff's proposal of September 18, 1970, for installation of drain tile along three of the apartment buildings at a cost of $1,657.00. The evidence discloses that defendant Daniel Comm admitted accepting and signing the proposal, and that the drain tile was installed to correct the problem of water in the basement apartments of the adjacent buildings. Since this project was authorized under a separate written contract after the date of the last lien waiver executed by plaintiff, we conclude that plaintiff did not waive his right to a mechanics' lien for the amount of the drain tile installation, *i.e.*, $1,657.00.

In summary, we find that plaintiff's petition for mechanics' lien is barred as to all amounts claimed by plaintiff except $1,657.00 and that the decree of the lower court is reversed as to $31,801.54, and affirmed as to $1,657.00.

Defendants also contend that it was error for the trial court to award interest at 6 percent from the date the amount of the lien became due, and cite *Watson Lumber Co. v. Guennewig,* 79 Ill.App.2d 377, 226 N.E.2d 270 (5th Dist. 1967). In *Watson,* suit was brought on a construction contract for a money judgment, and not to foreclose a mechanics' lien. There the court reversed an allowance for interest because there was a genuine and reasonable dispute as to money due, and no relationship of debtor and creditor existed between the parties. However, the case before us is brought under the Mechanics' Lien Act, which provides specifically that a subcontractor shall have a lien for the value of materials, services and labor furnished, "with interest on such amount from the date the same is due * * *." (Ill. Rev. Stat., ch. 82, par. 21.) The propriety of allowing interest on mechanics' liens has long been recognized by Illinois courts. *Ahmer v. Peters,* 17 Ill.App.2d 113, 149 N.E.2d 503 (1st Dist. 1958); *Murphy v. Cicero Lumber Co.,* 97 Ill.App. 510 (1st Dist. 1901).

■■ We find, however, that the rate of interest allowed was in excess of the maximum permitted by statute. The statutory rate of 5 percent in-interest is allowed "for all moneys after they become due on any * * * instrument of writing * * *." (Ill. Rev. Stat., ch. 74, par. 2.) The lien being enforced here, in the sum of $1,657.00, arose under a written contract, and the allowable rate of interest is therefore 5 percent. It is not disputed that the amount in question became due on November 1, 1970, and that interest began to run on that date. We therefore direct that the order of the circuit court be modified to award interest at the date of 5 percent per annum.

■■ The final question for determination is whether the order of the trial court denying defendants' counterclaim was against the manifest weight of the evidence. Defendants sought to recover $50,000 for damage to basement apartments in three buildings which was alleged to have been the result of defective work by plaintiff. Defendants claim that the initial water damage was the result of improper grading and failure to seal the basement wall opening where water pipes from the swimming pool entered one of the buildings. In September of 1970, after some water leakage had occurred, Comm contracted with plaintiff to install drain tile around the buildings. After the installation was completed, water problems recurred, and in May of 1971 Comm had the drain tile dug up and relaid. It was then found that some of the tile

installed by plaintiff was broken and it was alleged that plaintiff had used improper backfill, including large rocks and bricks, to cover the tile. Plaintiff testified that the water seepage was not the fault of his workmanship and that the drain tiles were installed properly but that the plan was inadequate to accomplish its purpose. Plaintiff also denied using improper backfill, and testified to other probable causes of water seepage. After carefully reviewing the evidence presented, we note that the testimony is contradictory as to both liability and damages. In such a case, the trial judge as the trier of fact was in a position superior to that of a court of review to observe the conduct of the witnesses, to determine their credibility, and to weigh the evidence and determine the preponderance thereof. We may not overturn a judgment merely because we might disagree or might, had we been the trier of facts, have come to a different conclusion. Where, as here, the finding of the trial court is not manifestly against the weight of the evidence, we will not disturb the judgment of the circuit court. (*Schulenburg v. Signatrol, Inc.,* 37 Ill.2d 352, 226 N.E.2d 624 (1967).) Therefore we affirm the order denying defendants' counterclaim.

In view of the foregoing decision, it is not necessary to consider the other contentions advanced by defendants.

■■ Plaintiff has filed a motion to tax costs of additional abstract of record in the amount of $52.76 against defendants. The abstract submitted by defendants omitted testimony tending to establish the claim for the additional work done by plaintiff under the disputed oral contract with Comm, and omitted testimony tending to show that plaintiff's defective workmanship was not the cause of water damage in the basement apartments. We are persuaded that the matters omitted were necessary for a determination of the issues and are properly taxed as costs to defendants under Suprme Court Rule 342(h) (Ill. Rev. Stat. 1973, ch. 110A, par. 342(h)).

Decree on the complaint is reversed in part, affirmed in part and modified in part; decree on the counterclaim is affirmed; and cause remanded for further proceedings consistent with this opinion.

STOUDER, P. J., and BARRY, J., concur.