JOSEPH M. HABADA et al., Plaintiffs and Counterdefendants-Appellees, v. MICHAEL J. GRAFT et al., Defendants and Counterplaintiffs-Appellants.

(No. 74-314;

Second District (2nd Division)—November 25, 1975.

Hofert & Samelson, of Des Plaines, for appellants.

Leonard W. Stearns, of Morgan & Stearns, of Chicago, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

The plaintiffs, Joseph M. Habada and Mae Habada, filed a verified complaint in equity for reformation of a contract for sale of their real estate. Defendant purchasers, Michael J. Graft and Michael J. Graft Development Corporation, answered the complaint and counterclaimed for

specific performance. The Circuit Court of Lake County entered judgment for plaintiffs and denied the counterclaim. Defendants appeal.

Plaintiff's complaint alleged that, through inadvertence, the exact terms of payment of the purchase money mortgage to be executed by the defendant purchaser were omitted from the contract which stated, "for 5 years, bearing interest at the rate of 7% per annum, with full prepayment privileges," and prayed that said contract be reformed to require the principal of the purchase money mortgage to be paid in five equal annual installments.

Attached to and made a part of the complaint was a letter from defendant's attorney to plaintiff's attorney, requesting a mortgage providing for "annual installments being due in December of each year."

Defendants' verified answer admitted that their attorney forwarded the letter but alleged that as soon as defendants received a copy of the letter they advised their attorney that the letter was erroneous with respect to the provisions relating to the payment. They further alleged that plaintiff's counsel, who prepared the contract, was notified of this error and that on December 28, 1973, a letter confirming the error and setting forth defendants' understanding of the payment provisions of the purchase money mortgage was set forth.

The case was called for trial; there was no stipulation of facts and no proof was heard by the court. At the conclusion of extensive arguments by counsel the court pronounced judgment for plaintiffs and shortly thereafter entered the decree.

On appeal the defendants have raised several points as follows:

1. Reformation of a document based on an alleged mistake will be decreed only when there is *proof* that the mistake is a mistake of fact of a mutual character.
2. The remedy granted on the claim of mistake must be based on clear and convincing evidence, and if not, reversal is required.
3. Where pleadings put one or more material facts in issue the entry of judgment on the pleadings requires reversal.

The letter, if not challenged, would certainly be proof of mutual mistake by most clear and convincing evidence so we look only to point 3.[1]

■■ Although in the case there appears to be no motion for judgment on the pleadings, it must be assumed, since no evidence was presented,

---

[1] In their reply brief defendants for the first time argue the Statute of Frauds. Points not raised in the original brief are deemed waived and will not be considered when raised for the first time in the reply brief. *United States Fidelity & Guaranty Co. v. Hollerich and Walgenbach Co.,* 22 Ill.App.3d 156, 162.

that the trial court concluded that plaintiff was entitled to judgment on the basis of the pleadings.

■■ The general rules for judgment on the pleadings are contained in 30 Ill. L. & Pr. *Pleading* §§ 183—186 (1957). Where the pleadings put in issue one or more material facts evidence must be taken to resolve such issue or issues, and a judgment may not be entered on the pleadings. *James Coates Motors, Inc. v. Avis Rent-A-Car System, Inc.* 19 Ill.App.3d 919, 921.

Section 36 of the Civil Practice Act provides that where exhibits are attached to a pleading such exhibits should constitute a part of the pleading for all purposes. The result is that the facts stated in the letter must be regarded the same as if such facts had been stated in the complaint. In the absence of explicit denial of such facts stated they are deemed to be admitted. Ill. Rev. Stat. 1973, ch. 110, § 40(2); *Pure Oil Co. v. Miller-McFarland Drilling Co.*, 376 Ill. 486, 496.

■■ Did defendants' answer deny the alleged fact that they had agreed to pay annual installments? We believe it did and accordingly, that evidence should have been taken to resolve the issue. The judgment of the Circuit Court of Lake County is reversed and the cause remanded for trial. Since the merits of the counterclaim for specific performance are dependent upon the resolution of the complaint for reformation of the tract, the order denying the counterclaim must also be reversed and remanded.

Reversed and remanded.

RECHENMACHER, P. J., and T. MORAN, J., concur.