DORA TOWNSHIP *et al.*, Plaintiffs-Appellants, *v.* INDIANA INSURANCE CO., Defendant-Appellee.—(W. B. OYE, Indiv. and as Adm'r of the Estate of Ruby Juanita Oye, Deceased, Defendant.)

Fourth District   No. 15011

Opinion filed January 4, 1979.

Ingram & Wood, of Sullivan (Steven K. Wood, of counsel), for appellants.

John P. Ewart and Gregory C. Ray, both of Craig and Craig, of Mattoon, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Plaintiffs appeal from the order of the trial court in declaratory judgment which determined that the defendant, Indiana Insurance Company, had no obligation to provide coverage or defense for the plaintiffs under a policy of insurance issued by Indiana.

Plaintiffs were sued by W. B. Oye, individually and as administrator of the estate of his wife, for damages arising from a collision at an intersection of plaintiff township roads. The gist of the underlying action was that the township and its highway commissioner carelessly and negligently failed to place and maintain stop signs at an intersection, with the proximate result that Mrs. Oye drove into the intersection, collided with another automobile and died as the result of injuries sustained.

Indiana denied coverage by reason of an exclusionary clause which we consider hereafter.

Initially, Indiana argues that there was a failure of proof by plaintiffs. The amended complaint for declaratory judgment included as attached exhibits a copy of the insurance policy issued to plaintiffs, a file stamped copy of the amended underlying complaint for damages, and copies of letters showing transmittal of the complaint to Indiana and defendant's denial of coverage by letter.

The amended complaint in declaratory judgment alleged the filing of the Oye complaint against the plaintiffs and the filing of an amended complaint against the township in September 1977. As to those allegations of the filing of the suit against defendants by Oye, Indiana's answer to the complaint for declaratory judgment alleged that it has "insufficient knowledge to form a belief as to the allegations * * *." Those allegations in the answer of Indiana were verified by its trial attorney. It is now argued by Indiana that there was a failure of proof in that plaintiffs failed to introduce evidence showing the filing of the Oye complaint and the amended complaint as alleged, or the existence of the pending litigation.

Plaintiffs argue that by reason of section 36 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 36), exhibits attached to the complaint become a part of the pleading and are deemed admitted unless specifically denied and need not be introduced into evidence. *Habada v. Graft* (1975), 33 Ill. App. 3d 810, 338 N.E.2d 255; *William Aupperle & Sons, Inc. v. American National Bank & Trust Co.* (1975), 28 Ill. App. 3d 573, 329 N.E.2d 458.

Indiana contends that section 40(2) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 40(2)) provides that a verified answer of insufficient knowledge to form a belief concerning the matters alleged in the complaint requires that there be proof of the fact of an existing lawsuit against the plaintiffs.

■■ While we doubt the propriety of the form of Indiana's answer in those instances where exhibits are attached as a part of the pleading, it is unnecessary to consider the issue further. The transcript of the hearing upon the motion for summary judgment discloses that Indiana's counsel undertook the initial statement of the nature and background of the proceedings to the trial court. At that time he stated that the declaratory judgment action arose by reason of the underlying action of Oye as administrator against the plaintiffs. In McCormick, Evidence §267, at 643 (2d ed. 1972), it is said:

> "If an attorney is employed to manage a party's conduct of a lawsuit he has *prima facie* authority to make relevant judicial admissions by pleadings, by oral or written stipulations, or by formal opening statement, which unless allowed to be withdrawn are conclusive."

Counsel's statement in open court constituted a judicial admission binding upon Indiana and it was not necessary for plaintiffs to introduce proof of the fact of the action underlying the complaint for declaratory judgment.

Indiana issued a policy designated "COMPREHENSIVE GENERAL LIABILITY INSURANCE COVERAGE" to the plaintiffs. That policy contained an endorsement:

"In consideration of the premium for which this policy is issued, it is agreed the policy does not apply to any loss or claim arising out of the *existence* of any highways, roads, streets, sidewalks, culverts or bridges, owned, maintained, repaired or controlled by the named insured." (Emphasis supplied.)

The issue argued here is whether the exclusionary endorsement is ambiguous so that such endorsement and the policy must be construed most strongly against the insurer. *Manchester Insurance & Indemnity Co. v. Universal Underwriters Insurance Co.* (1972), 5 Ill. App. 3d 847, 285 N.E.2d 185, *appeal denied* (1972), 52 Ill. 2d 594.

In a supplemental opinion upon denial of the petition for rehearing, that court stated:

"A contract of insurance, like any other contract is arrived at as a result of the meeting of the minds of the insurer and the insured, and since the insurers draft the policies and endorsements and have experts to do so, and the insureds take what they get, or purport to get, at a cost which for all practical matters is not negotiated but imposed by insurers upon them, with only the choice of being insured or not insured, if any possible ambiguity exists, it must be construed against the insurer. * * *. We do not condone the practice of purporting to cover, that which by technical interpretation is not covered, by one who displays its expertise in dealing with a non-expert in routine business affairs." 5 Ill. App. 3d 847, 855, 285 N.E.2d 185, 190.

In *Great Central Insurance Co. v. Bennett* (1976), 40 Ill. App. 3d 165, 351 N.E.2d 582, the court said:

"The Illinois Supreme Court has pointed out: 'An insurance policy is not to be interpreted in a factual vacuum; it is issued under given factual circumstances. What at first blush might appear unambiguous in the insurance contract might not be such in the particular factual setting in which the contract was issued.' [Citation.] In deciding whether an ambiguity exists, therefore, the factual setting for a policy's issuance must be considered. [Citation.] A latent ambiguity will not otherwise be discovered." 40 Ill. App. 3d 165, 171, 351 N.E.2d 582, 587.

Plaintiffs urged that the opinion in *Brady v. Highway Commissioners* (1975), 24 Ill. App. 3d 972, 322 N.E.2d 236, should require a finding of defendant's liability for coverage here. The factual circumstances were

similar to those here. A general comprehensive liability policy had been *issued to the township. That opinion, however, is not in close focus for the* reason that an endorsement somewhat similar to that found in this case was made after the injury had occurred. Such fact was deemed by the reviewing court to show that the insurer had treated the policy as covering the claim prior to the time of the endorsement. Apart from any specific representations, it is apparent that the fact of procuring general comprehensive liability coverage discloses an intent of the insured that coverage of that nature and quality is sought and expected. This record discloses that successive renewals of the policy had been made routinely by Indiana, but it is not clearly apparent when the endorsement at issue was first made a part of the policy.

Apart from *Brady*, the parties cite and argue the relative persuasiveness of *Foreman v. Maryland Casualty Co.* (La. App. 1969), 224 So.2d 553; *Andrus v. Police Jury* (La. App. 1972), 270 So.2d 280, and *Snell v. Stein* (1972), 261 La. 358, 259 So.2d 876, in the Louisiana Supreme Court.

In *Foreman*, the exclusionary clause referred "to the existence or use of, or the existence of any condition in any street * * *." In *Andrus*, the clause was framed to exclude "the ownership, maintenance, or use of the premises designated" (highways and streets). In each of the appellate court cases it held that the language was without ambiguity and the claimed coverage was denied.

In *Snell*, the claim was for injuries resulting at an intersection with allegations of defective traffic control. The comprehensive liability policy provided that "such insurance * * * does not apply to the *existence* of streets * * *." (Emphasis supplied.) The language of the clause in *Snell* does not refer to use, and is in its terms more comparable to that found in this case. As the Louisiana Supreme Court pointed out in *Snell*:

> "The liability sought to be enforced does not arise from the 'existence of *streets*' or from a *street* premise-defect. It is not the negligent maintenance or installation of *streets* or *sidewalks* * * *, it is the negligent control of traffic upon such streets that is here complained of." 259 So.2d 876, 879.

Section 11—304 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—304) requires that highway commissioners shall place and maintain highway traffic control devices upon highways to conform to the State specifications and as required by local traffic ordinances. The plaintiffs here are charged with a violation of such statutory duty.

■■ The word "controlled" in the policy endorsement at issue is associated in context with the words "owned, maintained and repaired" for purposes of comprehensive insurance coverage. It is not without ambiguity upon the issue of whether it clearly excludes a claim for negligent placing or

maintenance of traffic controls as required by law. A comprehensive insurance policy provides generally for all those risks of the insured except those which are excluded without ambiguity.

A determination of ambiguity in the policy coverage requires that the policy be construed strictly against Indiana. For such reason the judgment of the trial court is reversed, and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

CRAVEN, J., concurs.

Mr. JUSTICE GREEN, dissenting:

I deem the exclusionary clause to be unambiguous and not requiring construction. Accordingly, I dissent.

Section 11—304 of the Illinois Vehicle Code which plaintiffs were charged to have violated directed highway commissioners to place and maintain traffic control devices *"upon highways* under their *maintenance* jurisdiction" (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 95½, par. 11—304.) The policy clause in question excludes coverage of claims "arising out of the existence of any *highways* * * * *maintained* * * * by the named insured." (Emphasis added.) The duty alleged to have been breached arose from the *existence* of a highway *maintained* by plaintiffs. Section 11—304 makes no mention of the use of the highway being a precondition of the commissioner's duty to place and maintain the control device.

Of course, no claim would have arisen if the highways had not been used. However, in order to avoid ambiguity, an exclusionary provision of a liability policy need not set forth every antecedent necessary to give rise to the type of claim sought to be excluded. I do not consider express reference in the exclusionary clause to claims arising from maintenance or placement of stop signs to have been necessary to exclude the Oye claim.