STATE FARM INSURANCE COMPANY, Plaintiff-Appellee, *v.* UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Defendant-Appellant.

Second District   No. 77-529

Opinion filed February 8, 1979.

William Parker Ward, of Chicago, for appellant.

James J. Hermann, Jr., of Hermann & Hall, Ltd., of Waukegan, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

State Farm Insurance Company (State Farm) brought an action against Universal Underwriters Insurance Company (Universal) seeking reimbursement of monies paid by State Farm on behalf of three of its insureds. The amended complaint was in three counts: Counts I and III alleged separate incidents in which State Farm insureds were involved in collisions while driving vehicles loaned without charge by automobile garages while the insureds' cars were being repaired, and count II alleged that the State Farm's insured, a prospective new car buyer, was involved in a collision while driving a demonstrator car loaned without charge by an automobile dealership. The two automobile garages and the automobile dealership were all insured by Universal under what is commonly termed a garage policy. A stipulated statement of facts was filed with the trial court. The trial court found that the customer rental endorsement (Universal's form UU-3169(6/64), made a part of the garage policy, was vague and ambiguous and entered judgment in favor of State Farm. Universal was ordered to reimburse State Farm for the monies it had paid out on behalf of its three insureds. Universal appeals.

On appeal, Universal contends that its garage policy provides insurance if a described event (called the hazard) and a described person (the defined insured) is the involved driver in the event. Universal concedes that the hazard in this case is covered by its policy as to the defined insured, but denies State Farm insureds are defined insureds under the terms of Universal's garage policy.

Under Universal's garage policy, the following are defined as insureds with respect to the hazard involved here:

"(a) any partner, or paid employee or director or stockholder thereof, or a member of the household of the named insured, or such partner, or paid employee, or director or stockholder, while using an automobile covered by this policy or when legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and

(b) any other person or organization legally responsible for the use thereof only while such automobile is physically operated by the named insured or any such partner or paid employee or director or stockholder, or member of the household of the named insured or partner or paid employee or director or stockholder, provided the actual use of the automobile is by the named insured or with his permission, * * *."

Clearly, under the applicable portions of the definition of insured, as set forth above, State Farm's insureds would not be covered under Universal's garage policy.

We turn now to the customer rental endorsement which was made a part of the garage policy here. The garage endorsement of Universal's policy, as modified by the customer rental endorsement, states in pertinent part as follows:

"Automobile Hazard: The ownership, maintenance or use of any automobile for the purpose of garage operations.

The foregoing definitions do not include:

(1) any automobile (i) while rented to others by the named insured unless to a salesman for use principally in the business of the named insured or to a customer of the named insured while such customer's automobile is temporarily left with the named insured for service, repair or sale, or (ii) while being used by the insured as a public or livery conveyance or for carrying property for a charge; * * *."

Having carefully examined the language quoted above, we agree with Universal that *while the customer rental endorsement increases the hazard* to include the automobile while rented to others, *it does not increase the defined insured.*

In determining that the language in the endorsement quoted above was vague and ambiguous, the trial court relied heavily on *Manchester Insurance & Indemnity Co. v. Universal Underwriters Insurance Co.* (1972), 5 Ill. App. 3d 847, 285 N.E.2d 185. There, however, the customer rental endorsement contained the following language not found in the endorsement before this court:

"Customer Rental

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:
'GARAGE INSURANCE

* * *

It is agreed that the insurance under the bodily injury liability, property damage liability and automobile medical payments coverages applies with respect to any automobile rented by the named insured to a customer of the named insured while such customer's automobile is temporarily left with the named insured for service, repair or sale. The premium for this insurance shall not be subject to adjustment upon cancellation by the named insured.' " 5 Ill. App. 3d 847, 853, 285 N.E.2d 185, 189.

The *Manchester* court stated:

"Of course, if there is a conflict in meaning between an endorsement and the body of the policy, the endorsement controls, (7 Am. Jur. 2d, Automobile Insurance sec. 2), and therefore if the endorsement modifies the whole insurance policy, then Curtis [Manchester's insured] would be covered.

Manchester argues that since the endorsement 'modifies such *insurance*' it necessarily modifies the entire policy including, *inter alia,* the 'persons insured' provisions. Manchester argues that, at least, an ambiguity exists which should be construed strictly against the insurer. * * * We agree that, at least, the 'Customer Rental' endorsement created an ambiguity which must be strictly construed against Universal." (5 Ill. App. 3d 847, 853-54, 285 N.E.2d 185, 189-90.)

We are of the opinion that the vagueness and ambiguity found in *Manchester* were due to language not found in the customer rental endorsement before this court, and that therefore the reliance on *Manchester* by the trial court was misplaced.

Having carefully examined the language of the customer rental

endorsement as well as the definition of insured under the garage policy here, we determine that no vagueness or ambiguity exists in the terms of the policy regarding the definition of insured, and the trial court erred in entering judgment for State Farm.

In view of our disposition of this case the other points raised by Universal need not be discussed.

Therefore the judgment of the circuit court of Lake County is reversed and the cause remanded with instructions that judgment be entered in favor of Universal.

Reversed and remanded.

GUILD, P. J., and LINDBERG, J., concur.