BENNY E. TOPPS, Plaintiff-Appellant, v. PRATT AND CALLIS, P.C., Defendant-Appellee.

Fourth District   No. 4—90—0286

Opinion filed November 29, 1990.—Rehearing denied January 9, 1991.

Kenneth E. Baughman, of Monticello, for appellant.

William J. Harte, Ltd., of Chicago (William J. Harte, David J. Walker, and Joan M. Mannix, of counsel), for appellee.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Plaintiff Benny E. Topps filed a complaint against defendant Pratt & Callis, P.C., seeking a declaratory judgment regarding the validity of defendant's action of withholding from a workers' compensation settlement monies loaned plaintiff for living expenses. The trial court granted defendant's motion to dismiss, finding plaintiff's complaint insufficient in law to state a cause of action. Plaintiff appeals from this dismissal. We affirm.

The allegations of the complaint suggest after sustaining an injury as a result of employment at Wagner Casting Company, plaintiff retained defendant to represent him in a workers' compensation claim. Defendant filed an application for adjustment of claim before the Illinois Industrial Commission in cause No. 86—WC—16143. During the course of defendant's representation, defendant loaned plaintiff money for living expenses. These loans were made pursuant to notes signed by plaintiff on April 30, 1987, for $500; May 27, 1987, for $1,100; June 29, 1987, for $200; October 30, 1987, for $1,800; November 30, 1987, for $400; December 11, 1987, for $200; January 27, 1988, for $300; and March 22, 1988, for $200. The notes provided for repayment of the loan principal plus interest.

On June 20, 1988, plaintiff received a total settlement of $60,000 in case No. 86—WC—16143. From this sum, defendant subtracted attorney fees, expenses of litigation, and the sum of $4,705.83, which represented the $4,400 principal loaned to plaintiff and $305.83 interest.

On November 16, 1989, plaintiff filed suit pursuant to section 2—701 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—701), alleging the loans were void under Disciplinary Rule 5—103(b) of the Code of Professional Responsibility (107 Ill. 2d R. 5—103(b)). Plaintiff alleged defendant lacked authority to deduct the sum from the workers' compensation settlement. Plaintiff sought a finding he had no legal obligation for the repayment of the loans and interest and the deduction from his settlement proceeds was unlawful.

Defendant filed a motion to dismiss the cause of action pursuant to section 2—615 of the Code. (Ill. Rev. Stat. 1989, ch. 110, par. 2—615.) Defendant's motion stated plaintiff's complaint failed to allege facts demonstrating the loans were void as contrary to public policy, plaintiff had shown no harm or injury to himself or others arising from loans, plaintiff lacked standing to bring the action, and the loans were not con-

trary to public policy.

The trial court dismissed plaintiff's complaint in an opinion filed April 16, 1990. The trial court held the Illinois Supreme Court in *O'Hara v. Ahlgren, Blumenfeld & Kempster* (1989), 127 Ill. 2d 333, 537 N.E.2d 730, determined the law will not aid a layperson who joins with an attorney in an agreement which violates public policy.

■■ ■ We agree with the trial court that the agreement between plaintiff and defendant requiring defendant to advance plaintiff living expenses is void as against public policy. In *O'Hara*, the Illinois Supreme Court dismissed plaintiff's complaint which sought enforcement of a contract between plaintiff and a law firm. Though plaintiff had transferred the good will associated with the name of her deceased husband's law practice to the firm, the firm failed to compensate plaintiff for it according to the terms of their agreement. In finding the agreement void as against public policy, the Illinois Supreme Court stated:

> "[C]ourts will not enforce a private agreement which is contrary to public policy. (*Board of Trustees of Community College District No. 508 v. Cook County College Teachers Union, Local 1600* (1979), 74 Ill. 2d 412, 424[, 386 N.E.2d 47, 52]; *People ex rel. Nelson v. Wiersema State Bank* (1935), 361 Ill. 75, 94[, 197 N.E. 537, 542].) While the term 'public policy' lacks precise definition (*Board of Trustees*, 74 Ill. 2d at 425[, 386 N.E.2d at 53]), it may be stated generally as a legal principle which holds that no one may lawfully do that which has a tendency to injure the public welfare (*McClure Engineering Associates, Inc. v. Reuben H. Donnelley Corp.* (1983), 95 Ill. 2d 68, 71-72[, 447 N.E.2d 400, 402]; *Knass v. Madison & Kedzie State Bank* (1933), 354 Ill. 554, 567[, 188 N.E.836, 842]). The public policy of this State is reflected in its constitution, its statutes and its judicial decisions. (*McClure Engineering*, 95 Ill. 2d at 72[, 447 N.E.2d at 402].) Whether or not a contract is contrary to public policy depends on the peculiar facts and circumstances of each case. (*Board of Trustees*, 74 Ill. 2d at 425[, 386 N.E.2d at 53].) In deciding whether a contract that is not otherwise prohibited by law violates public policy, the courts must determine whether the agreement is so capable of producing harm that its enforcement would be contrary to the public interest." *O'Hara*, 127 Ill. 2d at 341-42, 537 N.E.2d at 734.

■ Advancing financial assistance to a client is contrary to the public interest. Disciplinary Rule 5—103 of the Code of Professional Responsibility provides:

> "(a) A lawyer may acquire a proprietary interest in the cause of

action or subject matter of litigation which he is conducting for a client only by

(1) acquiring a lien granted by law to secure his fee or expenses; or

(2) contracting with a client for a reasonable contingent fee in a civil case.

(b) While representing a client in connection with contemplated or pending litigation, a lawyer shall not advance or guarantee financial assistance to his client, except that a lawyer may advance or guarantee the expenses of litigation, including court costs, expenses of investigation, expenses of medical examination, and costs of obtaining and presenting evidence, provided the client remains ultimately liable for such expenses." (107 Ill. 2d R. 5—103.)

The purpose behind this rule is to ensure the lawyer will exercise independent professional judgment on behalf of the client. (107 Ill. 2d Canon 5.) The advancement of living expenses does not fall within one of the exceptions allowed in Disciplinary Rule 5—103(b) and is improper.

■■ Here, plaintiff is seeking to void a contract after reaping the benefits of its execution. Just as courts refuse to compel execution of a contract which is against public policy, courts will not set aside such a contract after it has been executed. (*First Trust & Savings Bank v. Powers* (1946), 393 Ill. 97, 65 N.E.2d 377.) To do otherwise would permit plaintiff to receive the benefit of the loans and also endorse his efforts to recover the amounts subtracted from the settlement. The dismissal of the lawsuit leaves the parties as they would have been had the loan agreement never been fulfilled. The harm was not to plaintiff, but to the administration of justice and society at large because of the breach of the Code of Professional Responsibility.

Neither the trial court's dismissal nor this court's affirmance suggests approval of the agreement struck between plaintiff and defendant. Such an agreement is in clear violation of the Code of Professional Responsibility and contrary to public policy. Our affirmance of the trial court's dismissal does not deny plaintiff other remedies available to him under the Code of Professional Responsibility for defendant's conduct.

Affirmed.

LUND and GREEN, JJ., concur.