CLARENCE PARTEE, Plaintiff-Appellant, v. NORMAN L. COMPTON *et al.*, Defendants-Appellees.

Fifth District    No. 5—94—0646

Opinion filed July 26, 1995.

John F. Borden and Patrick L. Hahn, both of Gosnell, Borden & Enloe, Ltd., of Lawrenceville, for appellant.

John A. Clark, of Croegaert, Clark & Hough, Ltd., of Olney, for appellees.

PRESIDING JUSTICE MAAG delivered the opinion of the court:

Plaintiff, Clarence Partee, originally filed this action against defendants, Norman and Carmen Compton, to enforce a contingent-fee contract between the parties. On May 17, 1982, Norman Compton suffered injury in an automobile accident. He and his wife retained the legal services of Clarence Partee. Mr. Partee and the Comptons agreed in a written contingent-fee contract that Mr. Partee and any cocounsel he associated with the case were to receive as attorney fees one-third of any amount collected by settlement or judgment. The agreement did not contain any language regarding expenses. Mr. Compton signed the agreement. Mrs. Compton signed the agreement as a witness. Mr. Partee did not sign the agreement, although he is named as the Comptons' attorney in the last paragraph of the contract.

Mr. Partee then associated the law firm of VanStone and Krochta and filed suit in the United States District Court for the Southern District of Indiana. The case settled for $498,194.35 in 1985. After an adjustment for the workers' compensation recovery, the attorney fees due were $164,659.10. VanStone and Krochta immediately collected their half of the fee, which amounted to $82,329.55. According to his discovery deposition, Mr. Partee advised Mr. and Mrs. Compton to pay him his fee of $82,329.55 in installments. According to the record, the Comptons paid Mr. Partee $23,064.41 in attorney fees. When the Comptons refused to pay the

balance ($59,265.15), Mr. Partee filed suit in the circuit court of Wabash County. He subsequently amended his complaint to add a second count seeking the reasonable value of his legal services under a *quantum meruit* theory.

At the conclusion of discovery, both parties filed a motion for summary judgment. The trial court found that plaintiff did not sign the agreement, that the agreement did not set forth the manner of computing expenses, and that Mrs. Compton did not sign the agreement as a party. The court found that these facts constituted a violation of Rule 2—106(c)(2) of the Illinois Code of Professional Responsibility (Code) (87 Ill. 2d R. 2—106(c)(2)), which was in force and effect at the relevant time in question. The court thus found the contract to be unenforceable as against public policy, and the court granted summary judgment in favor of defendants and against plaintiff on the first count. The court's order did not reach plaintiff's second count, which is still pending. The circuit court certified its order under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). Plaintiff appeals.

Plaintiff's single contention is that the contingent-fee agreement is a valid and enforceable contract and the trial court erred in finding it void because it violated Rule 2—106(c)(2) of the Code. Plaintiff argues that even if his failure to sign the agreement or discuss expenses violated Rule 2—106(c)(2) of the Code, these are minor technical defects which should not result in a windfall profit for defendants.

The Illinois Supreme Court officially adopted the Illinois Code of Professional Responsibility on June 3, 1980, and it became effective on July 1, 1980. The version of Rule 2—106 which is at issue in this appeal became effective on August 1, 1981. Rule 2—106(c)(2) of the Code provided:

> "Any contingent-fee agreement shall be in writing. The original and each copy shall be signed by the lawyer and by each client. One signed copy shall be provided to each client at the time of making the agreement, and one shall be retained by the lawyer. Any contingent-fee agreement shall set forth the precise method by which the fee is to be determined, including the percentage, or percentages, if any, to be applied in the event of settlement, trial or appeal, whether expenses are to be deducted before or after the contingent fee is calculated and any other factors relevant to the fee arrangement." 87 Ill. 2d R. 2—106.

Both parties agree that the contingent-fee contract was not signed by Mr. Partee and that it did not state when expenses were to be deducted. Defendants contend that since the contract failed to comply with the requirements of the disciplinary rule, the contract is unenforceable as contrary to public policy.

For our purposes, it is not necessary to determine whether the contingent-fee contract at issue violated Rule 2—106(c)(2). It is sufficient that our review of the record indicates that in their answer to plaintiff's complaint, defendants admit to entering into a contingent-fee agreement with plaintiff for his legal representation in exchange for one-third of the amount collected by either settlement or judgment. Defendants also admit to having settled their case for $498,195.35. Defendants further admit to having paid plaintiff $23,064.41 in attorney fees. Admissions by a party in the pleadings which are deliberate, unequivocal, and relate to concrete facts are judicial admissions of fact which are conclusive against the party making them. *Derby Meadows Utility Co. v. Inter-Continental Real Estate* (1990), 202 Ill. App. 3d 345, 559 N.E.2d 986; *Dora Township v. Indiana Insurance Co.* (1979), 67 Ill. App. 3d 31, 384 N.E.2d 595, *aff'd* (1980), 78 Ill. 2d 376, 400 N.E.2d 921.

In the instant case, defendants are seeking to void a contract after reaping the benefits of its execution. Just as courts refuse to compel execution of a contract which is against public policy, courts will not set aside such a contract after it has been executed. (*First Trust & Savings Bank v. Powers* (1946), 393 Ill. 97, 65 N.E.2d 377.) To do otherwise would permit defendants to receive the benefits of the contract and endorse their refusal to pay their attorney his fee. If there was a violation of Rule 2—106(c)(2) here, the harm is not to defendants, but it is to the administration of justice and society at large because of the breach of the Code of Professional Responsibility. *Topps v. Pratt & Callis, P.C.* (1990), 206 Ill. App. 3d 298, 564 N.E.2d 196.

Therefore, the trial court erred in granting defendants' motion for summary judgment. Pursuant to our powers to enter any judgment and make any order that should have been made under Supreme Court Rule 366(a)(5) (134 Ill. 2d R. 366(a)(5)), we reverse the trial court's judgment and grant summary judgment in favor of plaintiff and against defendants on plaintiff's motion for summary judgment. Our reversal of the trial court's order does not deny defendants other remedies available to them under the Code of Professional Responsibility for plaintiff's alleged conduct.

For the foregoing reasons, we reverse the circuit court's judgment and enter judgment in plaintiff's favor. Defendants are hereby ordered to pay $59,265.15 plus interest and costs. The cause is remanded to the circuit court.

Reversed; judgment entered; cause remanded.

CHAPMAN and HOPKINS, JJ., concur.