CINCINNATI INSURANCE COMPANY, Plaintiff-Appellant and Cross-Appellee, v. SUSAN MILLER, Defendant-Appellee and Cross-Appellant.

First District (6th Division)   No. 1—88—1603

Opinion filed October 27, 1989.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Stephen R. Swofford, Peter C. Morse, and Robert G. Black, of counsel), for appellant.

Jay A. Baier, Ltd., of Chicago (Jay A. Baier and Joseph P. Schreiber, of counsel), for appellee.

JUSTICE LaPORTA delivered the opinion of the court:

On August 24, 1985, defendant, her husband, and three other persons were on a family vacation in the van which defendant had purchased for her sole day-care business, The Children's Discovery Center. While in Utah, the van was struck by an uninsured motorist.

Defendant's husband, who was driving, suffered only minor injuries, but all four passengers in the van were hospitalized. Defendant was the most severely injured, ultimately undergoing a below-the-knee amputation of her right leg. At the time of the accident, defendant was approximately 11 weeks pregnant. Defendant's injuries included a claim for the loss of the fetus. Her medical expenses totaled $105,447.48.

The van was insured under a business auto liability policy issued to The Children's Discovery Center, covering both the van and a second vehicle. The business auto policy included uninsured motorist coverage with limits of $100,000 per individual and $300,000 per accident. The Children's Discovery Center was also insured under a commercial umbrella liability policy which provided additional insurance coverage in excess of amounts in certain listed underlying insur-

ance policies, including the automobile policy, up to $1 million. Plaintiff issued both the automobile policy and the umbrella policy.

Plaintiff filed its complaint for declaratory judgment against defendants Susan Miller, the sole proprietor of Children's Discovery Center, her husband Larry Miller, and the estate of Baby Miller. The suit sought a declaration by the court of the rights and liabilities of the parties under the business auto liability policy and the commercial umbrella liability policy issued to the Children's Discovery Center by the plaintiff. The complaint alleged (1) that both policies were in effect on the date of the accident, (2) that defendant Susan Miller was injured, (3) that plaintiff had paid her $100,000, which was the limit under the uninsured motorist coverage of the business auto liability policy, and (4) that payment of $100,000 represented full satisfaction of plaintiff's obligation to defendant. The complaint further alleged that an actual controversy existed between the parties, because the defendant took the position that uninsured motorist coverage under the business auto liability policy could be stacked to provide a $200,000 limit since the policy insured two vehicles. The defendants also took the position that plaintiff was required to offer uninsured motorist coverage in its commercial umbrella liability policy under the requirements of the Illinois Insurance Code (Ill. Rev. Stat. 1983, ch. 73, par. 755a) and having failed to do so, plaintiff breached a duty to defendants.

Defendants moved for summary judgment and a finding that by operation of law the commercial umbrella liability policy contains uninsured motorist coverage limits in the amount of $1 million and a finding that the business auto liability policy contains uninsured motorist coverage limits of $200,000 per person and $600,000 each accident.

By an agreed order, defendants Susan Miller and Larry Miller were appointed jointly as special administrators of the estate of Baby Miller for purposes of this litigation. Subsequently settlement was reached for the death of the fetus, and all defendants except Susan Miller were dismissed. For purposes of this appeal, all references in this opinion to defendant refer to Susan Miller.

Plaintiff moved for summary judgment and for a finding that the uninsured motorist coverage under the business auto liability policy may not be stacked and/or a declaration that the Illinois Insurance Code does not require an insurer to offer uninsured motorist coverage on its umbrella policy whether the policy was designated as a commercial lines or personal lines policy.

The trial court ruled in favor of plaintiff and against defendant on

the question of stacking, thereby limiting the recovery under the business auto liability policy's uninsured motorist coverage to defendant to the $100,000 amount already paid. The trial court ruled in favor of defendant and against plaintiff on their respective summary judgment motions on the question of the alleged requirements to offer uninsured motorist coverage under the commercial umbrella policy. Defendant then filed a motion for finding that by operation of law the commercial umbrella liability policy issued by plaintiff contains uninsured motorist coverage with limits of $1 million.

Following a full hearing the trial court made the following findings and declaration of rights and obligations: (1) Under the statutory language of section 143a—2 of the Insurance Code (Ill. Rev. Stat. 1983, ch. 73, par. 755a—2), plaintiff had an affirmative duty to offer uninsured motorist coverage to the insured defendant under the commercial umbrella liability policy; (2) from the evidence produced at the hearing, the court found the defendants would have purchased $500,000/$1 million uninsured motorist coverage under the umbrella policy if it had been offered; (3) the defendant's motion for finding that by operation of law the umbrella policy included uninsured motorist coverage of $1 million was denied; and (4) the uninsured motorist coverage under the business auto liability coverage was limited to $100,000 and defendant's motion with respect to stacking to increase coverage to $200,000 under that policy was denied.

Plaintiff appeals from the trial court's decision which held that plaintiff insurer had a duty to offer uninsured motorist coverage to defendant as part of its commercial liability coverage. Defendant appeals the trial court's decision which denied stacking of coverage under the business auto liability policy to double the policy limits and further appeals the court's decision in denial of defendant's motion for a finding that by operation of law the commercial umbrella policy included uninsured motorist coverage with limits equal to the bodily injury liability limits of the policy. Defendant argues that the trial court's ruling was contrary to the manifest weight of the evidence and based on inadmissible evidence.

We first consider the nature of the insurance coverage purchased by defendant. Plaintiff issued a business auto liability policy for the period from October 5, 1984, to October 5, 1989, naming as the insured The Children's Discovery Center, operated by the defendant as a sole proprietorship. The automobile schedule attached to the policy identified as the covered autos a 1979 Plymouth Van and "Hired and Non-Owned" vehicles. On July 22, 1985, by automobile change endorsement, a 1985 Plymouth Voyager was added to the policy cover-

age and an additional premium was paid. This is the vehicle involved in the accident on August 24, 1985. The policy provided liability insurance with bodily injury limits of $100,000 each person/$300,000 each accident and property damage liability $50,000 each accident, automobile medical payments insurance with a $5,000 limit, uninsured motorists insurance with bodily injury limits of $100,000 each person/$300,000 each accident, comprehensive physical damage coverage, collision physical damage coverage less $250 deductible, and towing and labor coverage of $25 for each disabled auto.

Plaintiff issued its separate commercial umbrella liability policy with liability limits of $1 million each occurrence and $1 million aggregate for the period from October 5, 1984, to October 5, 1987, naming as the insured The Children's Discovery Center. The coverage portion of the policy provided: "We will pay on behalf of the insured the ultimate net loss for occurrences during the policy period in excess of the underlying insurance or for occurrences covered by this policy which are either excluded or not covered by underlying insurance because of Personal Injury, Property Damage or Advertising Liability, anywhere in the world." The underlying policies listed in Schedule A were three policies issued by plaintiff for employer's liability coverage, comprehensive general liability, including contractual liability, completed operations, products liability, personal injury liability, and the business auto liability policy, including owned automobiles, nonowned automobiles and hired automobiles in this appeal. The umbrella policy contained no separate endorsement provision for uninsured motorist coverage.

When a court interprets an insurance policy, there are only two sources upon which it may base its analysis: the plain language of the policy and the plain language of the Insurance Code of 1937 as it existed at the time the policy was written. (*Bailey v. State Farm Fire & Casualty Co.* (1987), 156 Ill. App. 3d 979, 984, 509 N.E.2d 1064, 1067.) Unless an ambiguity exists, the court should not refer to other materials. (*Price v. State Farm Mutual Automobile Insurance Co.* (1983), 116 Ill. App. 3d 463, 470, 452 N.E.2d 49, 52.) When interpreting the effects of a statute, all relevant parts of the statute must be read in conjunction, not in isolation. *People v. Jordan* (1984), 103 Ill. 2d 192, 206, 469 N.E.2d 569, 576.

The Illinois Insurance Code of 1937 at section 4 classifies insurance into three major groups as: Class 1—life, accident and health; Class 2—casualty, fidelity and surety; and Class 3—fire and marine, etc. (Ill. Rev. Stat. 1983, ch. 73, par. 616.) The policies in this appeal are properly classified as casualty insurance under the Class 2 group

identified in the statute. In section 4, the statute further defines and distinguishes auto liability insurance from liability insurance in the following manner:

"Class 2 ***

***

(b) Vehicle. Insurance against any loss or liability resulting from or incident to the ownership, maintenance or use of any vehicle (motor or otherwise), draft animal or aircraft. Any policy insuring against any loss or liability on account of the bodily injury or death of any person may contain a provision for payment of disability benefits to injured persons and death benefits to dependents, beneficiaries or personal representatives of persons who are killed, including the named insured, irrespective of legal liability of the insured, if the injury or death for which benefits are provided is caused by accident and sustained while in or upon or while entering into or alighting from or through being struck by a vehicle (motor or otherwise), draft animal or aircraft, and such provision shall not be deemed to be accident insurance.

(c) Liability. Insurance against the liability of the insured for the death, injury or disability of an employee or other person, and insurance against the liability of the insured for damage to or destruction of another person's property." Ill. Rev. Stat. 1983, ch. 73, par. 616.

█ Liability insurance protects the insured from financial losses for claims brought by other persons which are legally recoverable against the insured. In contrast and regardless of insured's liability, uninsured motorist coverage protects the insured from financial losses for his or her injury, death or property damage caused by and legally recoverable from another person who owns and/or operates an uninsured motor vehicle. The "Class 2 Vehicle" insurance definition of the statute clearly is broad enough to include uninsured motorist coverage while the "Class 2 Liability" statutory definition is not.

The defendant purchased from plaintiff business auto liability insurance coverage which also included uninsured motorist coverage by the addition of a specific endorsement. The defendant also purchased from plaintiff a commercial umbrella liability policy which contained no specific endorsement for uninsured motorist coverage.

Defendant made claims for her medical expenses under both the business auto policy's uninsured motorist coverage and under the commercial umbrella policy, in the belief that the umbrella policy included uninsured motorist coverage in excess of the limits in the busi-

ness auto liability policy. When plaintiff rejected defendant's claim under the umbrella policy, defendant filed her summary judgment motion, citing sections 143a and 143a—2 of the of the Illinois Insurance Code (Ill. Rev. Stat. 1983, ch. 73, pars. 755a, 755a—2) for the proposition that plaintiff had a duty to offer uninsured motorist coverage under the umbrella policy, and having failed to do so, plaintiff had breached its statutory duty to defendant. Defendant argued further that because plaintiff breached its duty, the court should find as a matter of law that the umbrella policy included uninsured motorist coverage with limits of $1 million in excess of the underlying auto policy.

■ Section 143a of the Illinois Insurance Code requires that on or after July 1, 1963, all automobile insurance policies must include coverage "provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7—203 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 7—203) for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles *** because of bodily injury, sickness or disease, including death, resulting therefrom." (Ill. Rev. Stat. 1983, ch. 73, par. 755a(1).) Section 7—203 of the Illinois Vehicle Code set minimum limits for bodily injury at $15,000 per person and $30,000 per accident. Ill. Rev. Stat. 1983, ch. 95½, par. 7—203.

Section 143a—2 of the Illinois Insurance Code requires that the insurer offer additional uninsured motorist coverage over the minimum specified in the Illinois Vehicle Code in an amount up to the insured's bodily injury limits and provided that the insured had the right of election or rejection of the additional uninsured motorist coverage. The business auto liability policy purchased by defendant from plaintiff met this statutory requirement and defendant recovered $100,000 for her injuries under its uninsured motorist coverage.

At issue is whether the statutory requirement to offer additional uninsured motorist coverage applies to the commercial umbrella liability policy issued by the plaintiff to this defendant. Section 143a—2(6) provides in pertinent part "[i]nsurers providing personal liability coverage on an excess or umbrella basis are neither required to offer, nor are they prohibited from offering or making available coverages conforming to this Section on a supplemental basis." Ill. Rev. Stat. 1983, ch. 73, par. 755a—2(6).

We note that section 143a—2 of the Illinois Insurance Code became effective on August 16, 1982. Prior to that date, in *Hartbarger v. Country Mutual Insurance Co.* (1982), 107 Ill. App. 3d 391, 437

N.E.2d 691, the court considered an interpretation of the requirement under section 143a urged by an insured that uninsured motorist insurance should be declared by the court to be included in an umbrella policy which identified the primary automobile liability policy as an underlying policy to the umbrella coverage. In finding the uninsured motorist coverage was not included in the umbrella policy absent any express provision for uninsured motorist coverage and absent any ambiguity in the policy terms, the court analyzed umbrella coverage as "[a]n umbrella liability policy is generally designed to protect the insured from a judgment against him in an amount greater than that provided for in the underlying policies." (*Hartbarger*, 107 Ill. App. 3d at 394, 437 N.E.2d at 693.) The *Hartbarger* court found that umbrella policy coverage is entirely different from coverage under an automobile policy and found that both insured and insurer intended that this umbrella policy was to protect the insured against excess judgments in favor of others. (*Hartbarger*, 107 Ill. App. 3d at 396, 437 N.E.2d at 694.) The court refused to rewrite provisions of the umbrella policy which it found unambiguous in order to expand coverage for the benefit of the insured, and found that section 143a of the Illinois Insurance Code did not require uninsured motorist coverage in the umbrella policy. *Hartbarger*, 107 Ill. App. 3d at 396, 437 N.E.2d at 694.

■ We find the *Hartbarger* court's analysis that the intended purpose of umbrella policy coverage is to protect an insured from judgments in favor of a claimant against the insured in an amount greater than the auto liability policy to be a compelling argument in our case.

■ We construe the word "liability" in these insurance policies to mean liability for injuries or other losses to persons other than the insured. If an insurance policy contained no express uninsured or underinsured coverage provision, the insured could not recover on his own liability policy. The umbrella policy here listed as underlying auto policy coverage only the bodily injury liability for automobiles owned or operated by the insured and made no reference to uninsured motorist coverage for bodily injury suffered by the insured.

By amendment to the Illinois Insurance Code, the legislature added section 143a—2, which mandated that the insurer offer additional uninsured motorist coverage above the minimum required in section 143a prior to issuance of any new or renewed automobile insurance policy. Section 143a—2(6) also provides: "Insurers providing personal liability coverage on an excess or umbrella basis are neither required to offer, nor are they prohibited from offering or making available coverages conforming to this Section on a supplemental ba-

sis." Ill. Rev. Stat. 1983, ch. 73, par. 755a—2(6).

■■ We construe the statutory language "personal liability coverage on an excess or umbrella basis" of section 143a—2(6) to mean liability coverage in its plain sense. We find no distinction here between the word "personal" in the statute and the word "commercial" in the umbrella caption. Here the insured is The Children's Discovery Center, operated by the defendant, who alone is personally liable for its activities because she is a sole proprietor. The umbrella policy covers the liability which might befall the defendant personally in her operation of The Children's Discovery Center. The statutory language which permits but clearly does not require insurer to offer her the additional uninsured motorist coverage of section 143a—2 under this umbrella policy imposes no duty on the insurer to offer it, and therefore, the trial court's finding that insurer had such a duty and that insurer was guilty of a breach of duty for failing to offer the coverage should be reversed.

In summary, we find that when the Illinois Insurance Code statutory provisions are read together, section 143a requires that an automobile policy must include uninsured motorist coverage in a minimum amount of $15,000/$30,000 as required by the Illinois Vehicle Code, that section 143a—2 requires an insurer to offer, and the insured can accept or reject, additional uninsured motorist coverage up to the maximum liability limits of the automobile policy, and that section 143a—2(6) provides that the insurer may but is not required to offer additional uninsured motorist coverage on an excess basis under the umbrella policy. Ill. Rev. Stat. 1983, ch. 73, pars. 755a, 755a—2(1), 755a—2(6); Ill. Rev. Stat. 1983, ch. 95½, par. 7—203.

For all of the same reasons, the court's findings that the defendant would have purchased uninsured motorist coverage under the umbrella policy in limits of $500,000 is speculative, and because the plaintiff was not required to offer uninsured motorist coverage on an excess basis, we hold this finding of the trial court to be reversible error.

We next consider the question of stacking the uninsured motorist coverage under the business auto liability policy in an attempt to recover to the full policy limit twice because two vehicles are covered under the policy.

■■ Defendant argues that the trial court erred in granting plaintiff summary judgment on the question of whether defendant could stack the uninsured motorist coverage for both vehicles covered by the automobile liability policy to double her recovery. Where adequate uninsured motorist coverage exists, a clause which clearly and unam-

biguously prohibits stacking will be upheld. *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 424-25, 401 N.E.2d 539, 541-42.

In this business auto liability policy, the uninsured motorist endorsement provides: "Regardless of the number of covered autos, insureds, claims made or vehicles involved in the accident, our limit of liability is as follows: a. The most we will pay for all damages resulting from bodily injury to any one person caused by any one accident is the limit shown in this endorsement for 'each person'. b. Subject to the limit for 'each person' the most we will pay for all damages resulting from bodily injury caused by any one accident is the limit shown in this endorsement for 'each accident'." The uninsured motorist limits of the policy for bodily injury are $100,000 each person and $300,000 each accident.

■ The Illinois Insurance Code, section 143a—2, which requires uninsured motorist coverage, also provides "the limits of liability under this Section shall not be increased because of multiple motor vehicles covered under the same policy of insurance." (Ill. Rev. Stat. 1983, ch. 73, par. 755a—2(6).) Clearly, the trial court did not err in granting plaintiff summary judgment on the issue of stacking.

The judgment of the trial court in favor of plaintiff and against defendant on the issue of stacking is affirmed. The judgment of the trial court in favor of defendant and against plaintiff on the issue of whether the insured was required to offer excess uninsured motorist coverage under the umbrella policy and the court's finding that defendant would have purchased such coverage in the sum of $500,000 is reversed.

Affirmed in part; reversed in part.

McNAMARA and QUINLAN, JJ., concur.