FOURTH DIVISION
 FILED: 9/05/96










No. 1-95-3849

RONALD BECK, individually and as ) APPEAL FROM THE
representative of a class of ) CIRCUIT COURT OF
similarly situated persons, ) COOK COUNTY
 )
 Plaintiff-Appellant, )
 )
 v. )
 )
BUDGET RENT-A-CAR, a foreign )
corporation, SEARS, ROEBUCK & CO., )
a foreign corporation, and )
PHILADELPHIA INSURANCE CO., a )
foreign corporation, ) HONORABLE
 ) MARGARET McBRIDE,
 Defendants-Appellees. ) JUDGE PRESIDING.


 PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:
 The plaintiff, Ronald Beck, appeals from an order of the
circuit court of Cook County dismissing his six-count amended
complaint for failure to state causes of action. For the reasons
which follow, we affirm. 
 The plaintiff filed the instant class action on behalf of
himself and other persons who rented motor vehicles from Budget
Rent-A-Car (Budget) and Sears, Roebuck & Co. (Sears), paid for
supplemental liability insurance on the rented vehicles, were not
offered or provided uninsured or underinsured motorist coverage,
and were involved in vehicular collisions with uninsured or
underinsured motorists while operating the rented vehicles. In his
amended complaint, the plaintiff alleged that he rented a vehicle
from Budget and Sears under a contract dated October 8, 1993. 
Pursuant to the terms of that contract and for an additional sum,
the plaintiff purchased supplemental liability insurance but was
not offered uninsured or underinsured motorist coverage. 
Thereafter, while operating the rented vehicle on October 11, 1993,
the plaintiff was involved in a collision with a vehicle driven by
an uninsured or underinsured motorist. 
 The plaintiff's amended complaint consisted of six counts,
each against Budget, Sears and Philadelphia Insurance Company
(Philadelphia), the company that issued the supplemental insurance
purchased by the plaintiff. The plaintiff predicated his claims
for damages, attorney fees, reformation, and injunctive relief upon
the defendants' alleged violations of the Illinois Insurance Code
(Code) (215 ILCS 5/1, et seq. (West 1992)), violations of the
Illinois Consumer Fraud and Deceptive Business Practices Act (815
ILCS 505/1, et seq. (West 1992)), and certain misrepresentations. 
Central to each of the counts is the allegation that the defendants
failed to offer the plaintiff and others similarly situated
uninsured and underinsured motorist coverage as required by section
143 a-2 of the Code (215 ILCS 5/143 a-2 (West 1992)). 
 Section 143 a-2 of the Code states that, unless specifically
rejected by the insured, no motor vehicle liability insurance
policy issued with respect to any motor vehicle designed for use on
public highways and required to be registered in this State shall
be issued or delivered unless it provides uninsured motorist
coverage in an amount equal to the insured's bodily injury
liability limits and underinsured motorist coverage in an amount
equal to the uninsured motorist coverage provided in the policy
where such uninsured motorist coverage exceeds the limits set forth
in section 7-203 of the Illinois Vehicle Code (625 ILCS 5/7-203
(West 1992)). 215 ILCS 5/143 a-2 (West 1992). The plaintiff
alleged that Budget and Sears neither offered nor provided
uninsured or underinsured motorist coverage when they rented
vehicles to individuals electing to purchase supplemental liability
insurance coverage as part of their vehicle rental agreements and
Philadelphia neither offered nor provided such coverage in its
supplemental policies. 
 Budget and Sears moved, pursuant to section 2-615 of the Code
of Civil Procedure (735 ILCS 5/2-615 (West 1994)), to dismiss the
plaintiff's amended complaint for failure to state causes of action
arguing, inter alia: 1) that, as self-insurers, they were under no
obligation to offer uninsured or underinsured motorist coverage to
renters of their vehicles; and 2) that they did not engage in any
deceptive act or practice. Philadelphia also filed a section 2-615
motion to dismiss the plaintiff's amended complaint contending that
the supplemental policy of insurance which it issued was an "excess
or umbrella" policy and, therefore, exempt from the provisions of
section 143 a-2 of the Code. The trial court granted the
defendants' motions, dismissed the plaintiff's amended complaint,
and this appeal followed. 
 The question presented by a section 2-615 motion to dismiss a
complaint for failure to state a cause of action is whether
sufficient facts are stated in the complaint which, if established,
could entitle the plaintiff to relief. Illinois Graphics Co. v.
Nickum, 159 Ill. 2d 469, 639 N.E.2d 1282 (1994). In ruling on such
a motion, the court must take all well-pleaded facts in the
complaint as true and draw reasonable inferences from those facts
which are favorable to the pleader. Ziemba v. Mierzwa, 142 Ill. 2d
42, 566 N.E.2d 1365 (1991). However, conclusions of law or fact
contained within the challenged pleading will not be taken as true
unless supported by specific factual allegations. Ziemba, 142 Ill.
2d at 47. A cause of action should not be dismissed on the
pleadings unless it is apparent that no set of facts can be proven
which would entitle the plaintiff to recover. Illinois Graphics
Co., 159 Ill. 2d at 488. 
 Since the question of whether a complaint states a cause of
action is one of law, our review of a trial court's order
dismissing a complaint pursuant to a section 2-615 motion is de
novo. T&S Signs, Inc. v. Village of Wadsworth, 261 Ill. App. 3d
1080, 634 N.E.2d 306 (1994). 
 In his amended complaint, the plaintiff alleged that the
vehicle which he rented from Budget and Sears was covered by a
certificate of self-insurance. In Hill v. Catholic Charities, 118
Ill. App. 3d 488, 455 N.E.2d 183 (1983), this court held that the
plain and unambiguous language of the Code requiring uninsured
motorist coverage in a "policy" of motor vehicle liability
insurance has no application to self-insurers as they issue no such
policy. See also Robinson v. Hertz Corp., 140 Ill. App. 3d 687,
489 N.E.2d 332 (1986). The reasoning in both Hill and Robinson is
sound and in accordance with the plain language of section 143 a-2
of the Code. Moreover, since section 143 a-2 uses essentially the
same phraseology in reference to underinsured motorist coverage, we
see no reason why the holdings of Hill and Robinson should not be
extended to negate any obligation on the part of a self-insurer to
offer or provide underinsured motorist coverage as well. 
 Holding, as we do, that Budget and Sears, as self-insurers,
were under no obligation to initially offer or provide the
plaintiff with uninsured or underinsured motorist coverage, we must
now determine whether the plaintiff's purchase of supplemental
liability insurance as part of his rental contract imposed such an
obligation upon Budget and Sears, or upon Philadelphia, the company
that issued the policy providing the supplemental coverage. 
 The vehicle rental agreement attached to the plaintiff's
amended complaint states that if supplemental liability insurance
was offered by Budget and Sears and accepted by the plaintiff, a
higher limit of liability insurance would be provided. However,
nothing in the plaintiff's amended complaint or the vehicle rental
agreement suggests that either Budget or Sears contracted to issue
any policy of insurance. In fact, the amended complaint alleges
that the certificate of self-insurance covering the vehicle was not
modified or amended in any way in consequence of the premium which
the plaintiff paid for supplemental liability insurance; instead,
a portion of the premium was tendered to Philadelphia. Absent some
allegation that Budget or Sears issued, or bound themselves to
issue, a policy of motor vehicle liability insurance, section 143
a-2 of the Code has no application to them. Hill, 118 Ill. App. 3d
489-92.
 Our resolution of the issue of whether Philadelphia was
obligated to offer uninsured or underinsured motorist coverage to
the plaintiff turns on the question of whether the policy that it
issued provided "excess" or "umbrella" coverage. Section 143 a-
2(5) of the Code states that "[i]nsurers providing liability
coverage on an excess or umbrella basis are neither required to
provide, nor are they prohibited from offering or making available,
*** [uninsured or underinsured motorist coverage] on a supplemental
basis." 215 ILCS 5/143 a-2(5) (West 1992). See Cincinnati
Insurance Co. v. Miller, 190 Ill. App. 3d 240, 546 N.E.2d 700
(1989). Excess or umbrella policies, by their very nature, provide
liability coverage to protect an insured from judgments in an
amount greater than that provided by the insured's primary
coverage. Before excess or umbrella coverage is issued, primary
coverage must be in existence. Hartbarger v. Country Mutual
Insurance Co., 107 Ill. App. 3d 391, 437 N.E.2d 691 (1982). 
 Unfortunately, the supplemental policy issued by Philadelphia
in this case was not attached to the plaintiff's amended complaint,
and we are not advised as to its terms. The plaintiff's motor
vehicle rental agreement states that Budget and Sears would provide
him with certain specified liability coverage, which, as plaintiff
alleged, was provided by means of a certificate of self-insurance. 
The rental agreement goes on to state that if supplemental
liability insurance is offered and accepted, a higher limit of
liability insurance would be provided. However, as stated earlier,
the plaintiff alleged that the certificate of self-insurance
covering his rental vehicle was not modified or amended in
consequence of the premium he paid for supplemental liability
insurance. The facts of this case, as alleged in the plaintiff's
amended complaint, admit of only one reasonable conclusion; namely,
that the certificate of self-insurance covering the vehicle rented
by the plaintiff provided primary liability coverage, and the
supplemental liability insurance purchased by the plaintiff and
provided by Philadelphia was in the nature of excess or umbrella
coverage. We hold, therefore, that pursuant to the provisions of
section 143 a-2(5) and in the absence of any contractual
undertaking to the contrary, Philadelphia was not obligated to
offer or provide the plaintiff with uninsured or underinsured
motorist coverage.
 Lastly, the plaintiff alleged that the terms of the motor
vehicle rental agreement were "confusing and misleading" as they
relate to uninsured and underinsured motorist coverage. We
disagree. The section of that agreement which provides for both
primary liability coverage and the supplemental liability insurance
specifically states:
 "A. All coverages automatically conform to the basic
 requirements of any 'No Fault' law which may be
 applicable. RENTER WAIVES UNINSURED AND
 UNDERINSURED MOTORIST, SUPPLEMENTAL NO FAULT AND
 OTHER OPTIONAL COVERAGES. If any coverages herein
 cannot be excluded or waived, Renter agrees that
 such coverages shall be automatically reduced to
 the minimum requirements of the applicable
 financial responsibility law and that such
 coverages shall be excess to any other applicable
 insurance." 
 This paragraph clearly and conspicuously states that uninsured and
underinsured motorist coverage was being waived. There is nothing
misleading or confusing about the plain language of the contract on
this subject. See Robinson, 140 Ill. App. 3d 687-88.
 Finding, as we have, that (1) Budget, Sears and Philadelphia
were not obligated to offer uninsured or underinsured motorist
coverage to the plaintiff under the facts as alleged in the
plaintiff's amended complaint, and (2) the information in the
vehicle rental agreement relating to the type of insurance coverage
being provided was not confusing or misleading, we affirm the trial
court's dismissal of this action for failure to state causes of
action.
 Affirmed.
 THEIS and O'BRIEN, JJ., concur.