BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, Plaintiff and Counterdefendant-Appellee, v. THE CITY OF CHICAGO *et al.*, Defendants and Counterplaintiffs-Appellants.

First District (1st Division)   No. 1—98—4153

Opinion filed November 20, 2000.

Mara S. Georges, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Julian N. Henriques, Jr., Assistant Corporation Counsel, of counsel), for appellants.

Quinlan & Crisham, Ltd., of Chicago (William R. Quinlan, Michael I. Rothstein, James A. Niewiara, and Jasmine de la Torre, of counsel), for appellee.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

The City of Chicago (City) appeals an order of the circuit court finding that the Board of Trustees of the University of Illinois (the Board) is not subject to the City's ordinances. The City argues on appeal that the home rule provision of the Illinois Constitution (Ill. Const. 1970, art. VII, § 6) grants the City the power to impose its health and safety ordinances on the Board and that the doctrine of sovereign immunity does not bar the City's proceedings to enforce these ordinances against the Board. For the reasons set forth below, we affirm.

On November 29, 1994, the Board filed a complaint against the City, which alleged that the City, through its department of buildings, had repeatedly attempted to impose its building code on the Board. The complaint stated that the department of buildings inspected various buildings at the University of Illinois at Chicago (UIC), cited the Board with building code violations for UIC buildings and ordered the Board to appear at hearings regarding these violations. The complaint also averred that the City's bureau of fire prevention and department of health tried to enforce the City's ordinances against the Board and that the City's department of revenue attempted to force the Board to

purchase City permits and licenses and to pay fees to the City. Claiming that the City was exceeding its authority through these acts and that the City's attempts to adjudicate the Board's violations of the ordinances violated the State Lawsuit Immunity Act (Immunity Act) (745 ILCS 5/1 (West 1996)), the complaint sought: (1) a declaration that the Board was not subject to the City's local ordinances; (2) a writ of prohibition barring the City from attempting to assert jurisdiction over the Board; and (3) a permanent injunction barring the City from enforcing its ordinances against the Board.

The City filed a counterclaim against the Board for declaratory relief on June 18, 1997, seeking a declaration that the City has the authority to impose its ordinances relating to public health and safety against the Board and that the Immunity Act does not bar the City's enforcement proceedings against the Board regarding the City's public health and safety ordinances. Through its counterclaim, the City also sought a declaration that the Board is subject to and is acting in violation of certain provisions of the City's building code, fire code, and health code.

On September 10, 1997, the Board filed a motion for judgment on the pleadings pursuant to section 2—615(e) of the Illinois Code of Civil Procedure (735 ILCS 5/2—615(e) (West 1996)). While the Board argued in the motion that the City lacked the authority to regulate the Board, it did not assert sovereign immunity as a basis for judgment on the pleadings.

On October 23, 1998, the court granted the Board's motion for judgment on the pleadings, holding that the City lacked the home rule authority to implement its building, safety, and health ordinances on the Board. The City now appeals that order.

■ "A motion for judgment on the pleadings tests the sufficiency of the pleadings by determining whether the plaintiff is entitled to the relief sought by his complaint or, alternatively, whether the defendant by his answer has set up a defense which would entitle him to a hearing on the merits." *Village of Worth v. Hahn*, 206 Ill. App. 3d 987, 990, 565 N.E.2d 166 (1990). The motion requires the trial court to examine the pleadings and determine whether there is an issue of fact or whether the controversy can be resolved as a matter of law. *Village of Worth*, 206 Ill. App. 3d at 990. On appeal, the reviewing court must ascertain whether the trial court correctly determined that the pleadings presented no issue of material fact and, if there were no such issue, whether the court correctly entered the judgment. *TDC Development Corp. v. First Federal Savings & Loan Ass'n*, 204 Ill. App. 3d 170, 174, 561 N.E.2d 1142 (1990). The appropriate standard of review is *de novo*. *Massachusetts Bay Insurance Co. v. Unique Presort Services, Inc.*, 287 Ill. App. 3d 741, 744, 679 N.E.2d 476 (1997).

■ The City first argues on appeal that the enforcement of its building, fire, and health ordinances against the Board is a valid exercise of the City's home rule authority, which the City possesses under section 6(a) of article VII of the 1970 Illinois Constitution. Section 6(a), which pertains to municipalities with populations greater than 25,000, provides in pertinent part:

"[A] home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt." Ill. Const. 1970, art. VII, § 6(a).

The constitution also provides that "[p]owers and functions of the home rule units shall be construed liberally." Ill. Const. 1970, art. VII, § 6(m).

The Board in the instant case does not challenge the City's general authority as a home rule unit to enact and enforce its building, health and safety ordinances. The Board only contends that these ordinances cannot be made applicable to the Board since it is an arm and instrumentality of the state.

We addressed this issue in *City of Chicago v. Board of Trustees of the University of Illinois*, 293 Ill. App. 3d 897, 689 N.E.2d 125 (1997). In that case, the City brought a declaratory judgment action against the Board, which sought a declaration that the Board was required to collect and remit certain city taxes. The trial court dismissed the City's complaint, finding that the City's home rule power did not confer authority to require the Board to collect and remit taxes.

■ On appeal, the City argued that under its home rule authority, the City could compel the Board to collect and remit the taxes because no statute prohibited the City from doing so. We found:

"[A] municipality's home rule power does not authorize it to require state educational institutions to collect and remit city taxes because such a requirement would interfere with the state's constitutional mandate to operate a statewide educational system. [Citations.] The state has 'plenary power' over state-operated educational institutions, and any attempt by a home rule municipality to impose burdens on those institutions, in the absence of state approval, is unauthorized." *City of Chicago*, 293 Ill. App. 3d at 904.

■ Following our holding in *City of Chicago*, the City, in this case, may not subject the Board to its building, health, and safety ordinances. Presumably, had the General Assembly wanted to authorize the City to impose these ordinances on state instrumentalities, the General Assembly would have granted the City such power through a statute. See 65 ILCS 5/8—11—17(c)(5) (West 1996) (municipal

telecommunications tax) (provides that municipalities can impose the ordinances enacted under the statute upon "State universities created by statute *** or other political subdivision of this State"). See also *City of Chicago*, 293 Ill. App. 3d at 903. Since no state statute permits the City to impose such ordinances on the Board, we cannot allow the City to burden the Board with ordinances that would interfere with the state's constitutional mandate to operate a statewide educational system.

The City asserts that *City of Chicago* does not control this case because the ordinances in that case involved city taxes rather than health and safety ordinances. However, we find nothing in the language of the *City of Chicago* which suggests that its holding is limited to the application of tax ordinances. In fact, we believe that the language of the holding was intentionally broad in order to apply to other ordinances, such as the City's building, health, and safety ordinances.

The City next argues on appeal that the doctrine of sovereign immunity does not bar the proceedings against the Board to enforce the City's building, health, and safety ordinances. Since we have concluded that the City cannot impose these ordinances on the Board, and the trial court did not decide upon this issue initially, we need not address the argument in this appeal.

For the foregoing reasons, we affirm the circuit court's grant of the Board's motion for judgment on the pleadings.

Affirmed.

O'MARA FROSSARD and COHEN, JJ., concur.